G. GEOFFREY ROBB (131515)
MARISA G. HUBER (254171)
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, California 94105
Telephone:  (415) 348-6000
Facsimile:   (415) 348-6001
Email:         mhuber@gibsonrobb.com

Attorneys for Plaintiffs-in-Limitation
HARBOR DOCKSIDE, INC. and NEWPORT LANDING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE VESSEL *NAUTILUS* FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No.  8:20-cv-397<br><br>COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY |

      The complaint of Plaintiffs-in-Limitation HARBOR DOCKSIDE, INC. and NEWPORT LANDING, INC. (collectively "Plaintiffs-in-Limitation") as owner and owner *pro hac vice*, respectively, of the 60' passenger vessel *NAUTILUS* ("Vessel") for exoneration from and/or limitation of liability, civil and maritime, brought pursuant to 46 U.S.C. § 30501, *et seq.*, respectfully aver as follows:

      1.    This is a case of admiralty and maritime jurisdiction, as hereinafter and more fully appears, and the complaint herein sets forth an admiralty and maritime claim within the meaning of Rule 9(h) and Supplemental Admiralty Rule F of Federal Rules of Civil Procedure, and is brought pursuant to this Court's original jurisdiction conferred by 28 U.S.C. § 1333.

/ / /

2. Venue is proper in this Court pursuant to Rule F(9) with Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime claims. The incident that forms the basis for this action occurred on or about August 3, 2018, on the waters of the Pacific Ocean near Newport Beach, California.

3. Plaintiffs-in-Limitation HARBOR DOCKSIDE, INC. and NEWPORT LANDING, INC., both California corporations with their principal places of business in Orange County, California. At the time of the incident, the Vessel was in operation on the waters of the Pacific Ocean near Newport Beach, California within the jurisdiction of this Court.

4. Plaintiffs-in-Limitation were at all times material herein the owner and owner *pro hac vice*, respectively, of the Vessel. Plaintiffs-in-Limitation at all times material herein operated the Vessel in a safe and conscientious manner, and according to all applicable United States Federal and State laws.

5. At all times material herein, Plaintiffs-in-Limitation maintained the Vessel in a safe and conscientious manner and according to all applicable United States Federal and State laws.

6. On or about August 3, 2018, the Vessel was underway on the waters of the Pacific Ocean near Newport Beach, California, when Yanping Sun fell onboard the Vessel from an upper deck down onboard stairs and onto a lower deck. Ms. Sun was reportedly standing up and not holding onto any part of the Vessel at that time despite having been instructed so to do and having expressly acknowledged her agreement so to do.

7. Any and all damages, if any, arising from the above-described events were not caused or contributed to by any fault or negligence on the part of the Vessel, her owners, her owners *pro hac vice*, captain, crew, agents, servants, employees, or anyone for whom any of them may be responsible.

8. Any and all damages, losses, and/or injuries allegedly resulting or otherwise arising from the above-described events were occasioned or occurred

without the privity and knowledge of Plaintiffs-in-Limitation or anyone whose privity or knowledge is imputable to Plaintiffs-in-Limitation.

9. The damages which may be complained of by any claimant(s) are or were wholly or in part directly and proximally caused by the liability of persons and/or entities other than Plaintiffs-in-Limitation or the Vessel, and said liability is neither imputed to Plaintiffs-in-Limitation by reason of the relationship between claimants and said persons or entities, or comparatively reduces the proportion of negligence or other corresponding liability, if any, of Plaintiffs-in-Limitation.

10. Plaintiffs-in-Limitation aver and stipulate that the estimated fair market value of the Vessel and her appurtenances at the termination of the voyage at issue did not exceed Three-Hundred-Sixty-Thousand Dollars ($365,000). Pursuant to Supplemental Admiralty Rule F(1)(a), Plaintiffs-in-Limitation submit herewith an *Ad Interim* Stipulation for a value in the amount of $365,000 executed by Plaintiffs-in-Limitation's surety for security. It is believed that the total amount of all claims that may be asserted could exceed the value of the interest of Plaintiffs-in-Limitation in the Vessel and its appurtenances.

11. To Plaintiffs-in-Limitation's knowledge, there are currently no liens upon the Vessel and no additional suits pending thereon, and no claims or demands prior or paramount to those which may have accrued by reason of those events herein described.

12. Counsel claiming to represent Yanping Sun sent a letter dated August 28, 2019, to Plaintiffs-in-Limitation's insurer asserting a claim indicating a reasonable possibility the claim is one subject to limitation. To Plaintiffs-in-Limitation's knowledge, no known suits have been commenced for any damages, losses, and/or injuries resulting or otherwise arising from the above-described events.

13. Plaintiffs-in-Limitation deny that they are liable for any damages arising out of the above-described events, and claim exoneration from liability for

any and all damages of any nature allegedly occasioned or incurred during or by reason of the above-described events and desire to contest any claims against them. Without admitting liability, and reserving the right to contest liability in this or any other Court, Plaintiffs-in-Limitation hereby also claim the benefit of limitation of liability provided by 46 U.S.C.S. § 30501, *et seq.*, inclusive of all acts amendatory thereto and supplementary thereto whether named herein or not.

14. Plaintiffs-in-Limitation also hereby claim the benefit of all statutes and acts with the Congress of the United States, whether named herein or not, granting or providing for exoneration from or limitation of liability of vessel owners. Plaintiffs-in-Limitation allege that they are entitled to exoneration from liability or, in the alternative, have their liability in connection with or arising out of the above-described events, if any, limited to the value of Plaintiffs-in-Limitation's interest in the Vessel as the same existed immediately after the above-described events, not to exceed Three-Hundred-Sixty-Thousand Dollars ($365,000).

15. All and singular, the premises set out above are true and correct.

WHEREFORE, Plaintiffs-in-Limitation pray:

That this Court issue a notice to all persons asserting claims by reason of any and all damages and/or expenses of any nature, occasioned, or incurred by reason of the above-described events and admonishing them to file their claim with the clerk of this Court and to serve attorneys for Plaintiffs-in-Limitation with a copy thereof on or before a date certainly to be named by this Court.

That that the continued prosecution of any and all suits, actions or proceedings, if any, which may already have begun in any court whatsoever to recover damages arising out of, or occasioned by, or consequent upon the above-described events, and institution or prosecution of any suits, actions or legal proceedings of any nature or description whatsoever in any court wheresoever, except in this proceeding for exoneration from or limitation of liability, in respect of

///

any claim or claims arising out of the aforesaid incident, or otherwise subject to limitation proceeding, be and the same stayed and restrained.

That this Court judge and decree that Plaintiffs-in-Limitation are not liable to any extent for any damages and/or expenses in any way arising out of or in consequence of the above-described events;

That, if Plaintiffs-in-Limitation shall be judged liable, Plaintiffs-in-Limitation be indemnified by a party or parties currently known or unknown, who are either wholly or primarily responsible for any alleged damages and expenses arising out of the above-described events;

That, if Plaintiffs-in-Limitation shall be judged liable, the liability of Plaintiffs-in-Limitation shall be limited to the value of the interest in the Vessel immediately after the above-described voyage, namely Three-Hundred-Sixty-Thousand Dollars ($365,000) and decreed to be entered as charging Plaintiffs-in-Limitation for any and all further liability;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

That all persons, firms, corporations, or other legal entities that fail to file a claim in this proceeding within the time allowed by this Court be declared in default and forever barred from making any claims for such damages and/or expenses in this proceeding or any other proceeding and Plaintiffs-in-Limitation have such other and further relief that the Court may deem just and proper on the premises set forth above.

                                              Respectfully submitted,

Dated: February 26, 2020        GIBSON ROBB & LINDH LLP

                                            /s/ MARISA G. HUBER
                                            Marisa G. Huber
                                            mhuber@gibsonrobb.com
                                            Attorneys for Plaintiffs-in-Limitation
                                            HARBOR DOCKSIDE, INC. and
                                            NEWPORT LANDING, INC.